**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan M Tolano,<br><br>                Petitioner,<br><br>v.<br><br>David Shinn,<br><br>                Respondent. | No. CV-21-00455-PHX-DLR (DMF)<br><br>**ORDER** |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Deborah M. Fine (Doc. 16) regarding Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1).  The R&R recommends that the Amended Petition be denied and dismissed with prejudice and that a Certificate of Appealability be denied. The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. (Doc. 16 at 41-42.)

On March 7, 2022, Petitioner filed his Objection to the Magistrate Judge's Report and Recommendation along with a "Motion for Leave to Conduct Fact Finding Procedure" and a "Request for Authorization of Fact-Finding Procedures" (Docs. 19, 20 & 21).  On March 17, 2022, Petitioner filed an "Addendum to Objection of Magistrate Judge's Report and Recommendation" and a Motion Requesting an Evidentiary Hearing (Docs. 23 &24.) On March 21, 2022, Respondents filed their Response to Petitioner's Objections to R&R

and their Response to Petitioner's Motion for Factfinding Procedures. (Docs. 25 and 26.) On March 28, 2022, Petitioner filed a Request for an Extension of Time to File Petitioner's Reply to State's Response. (Doc. 27.) On March 28, 2022, Petitioner filed a "Notice to the Court Petitioner Will be Replying to State's Final Response." (Doc. 28.) On March 30, 2022, Respondents filed their Response to Petitioner's Motion for Evidentiary Hearing (Doc. 29.) On April 8, 2022, Petitioner filed his "Reply to State's Response to Petitioner's Objections to R&R." (Doc. 30.)

The Court has considered Petitioner's objections and reviewed the Report and Recommendation de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The Court finds that the Magistrate Judge correctly determined that Petitioner procedurally defaulted the grounds identified in the R&R as Grounds 1A, 1B, 1F, 1H, 1I, 1J, 2A, 2B, 3A, and 3B without excuse. The Court also finds that the Magistrate correctly determined that Petitioner failed to establish habeas relief is warranted on the merits of the grounds identified in the R&R as Grounds 1C, 1D, 1E, 1G, 3C, and 3D. Based on those findings, the Magistrate Judge correctly recommended that Grounds 1A, 1B, 1F, 1H, 1I, 1J, 2A, 2B, 3A, and 3B be dismissed with prejudice and that Grounds 1C, 1D, 1E, 1G, 3C, and 3D be denied. The R&R correctly found that Petitioner's stand-alone claims of ineffective assistance of counsel ("IAC") on Petitioner's state petition for post-conviction relief ("PCR") in Grounds 1K and 1L are not cognizable in federal habeas corpus and should be denied.

**I.     Petitioner's Objections**

Petitioner first objects to the R&R's findings on Ground 1 (multiple claims of IAC by trial and appellate counsel) and Ground 2 (two claims of prosecutorial misconduct) because the R&R "substantially reflects the arguments of the State verbatim." Petitioner does not point to any error or mistake in the reasoning of the R&R's findings or recommendations on those two grounds. The arguments made by Respondents in their response were correct statements of the facts and law. The R&R correctly determined that portions of Ground 1 are procedurally defaulted and that other portions should be denied.

It also found that Ground 2 is procedurally defaulted. Those were the arguments made by the Respondents. The fact that the Respondents made correct legal arguments and that the R&R adopted Respondents' arguments does not establish error of any kind.

Petitioner's next three objections concern the R&R's findings on Ground 2B. Petitioner first argues in footnote 1 that the Magistrate Judge did not consider all aspects of Ground 2B because, when discussing the Petitioner's third issue of prosecutorial misconduct, the R&R referenced Doc. 1-1 at 36-39 when, in fact, that issue was raised at pages 39 through 42. However, Petitioner has mis-interpreted the R&R. The R&R cited Document 1-1, pages 36-39 when it described Ground 2B. (Doc. 16 at 24-25.) The Respondents' response correctly points out that: "The R&R's cited pages refer to the filed-stamped page numbers appearing in the top margin of Document 1-1, and the file-stamped pages 36-39 correspond to the document's original pages 39-42. *See* Doc. 1-1, at 36-39." (Doc. 25 at 3.) The R&R makes clear that the Magistrate Judge fully considered Ground 2B. Petitioner's first Ground 2B objection to the R&R's recommendation is overruled.

Petitioner's second Ground 2B objection goes to the R&R's finding that Ground 2B was procedurally defaulted. Petitioner argues that he should not have to incriminate himself when he raises a habeas claim and that, under the facts of his case, by raising the claim in question, he would have created potential criminal exposure in an "unrelated matter." However, there is no factual or legal basis for such an argument. Petitioner offers no credible evidence of such exposure. He cites no legal authority for the proposition that he should be relieved of his procedural default because of his fear of a criminal charge being brought on some unrelated matter by raising Ground 2B's prosecutorial-misconduct claim before the statute of limitations ran on the unrelated matter. Petitioner's second objection to the R&R's recommendation on Ground 2B is overruled.

Petitioner's third Ground 2B objection is that the R&R failed to make certain findings. However, no factual findings on the merits of the claim were called for because the R&R found that the claim was procedurally defaulted without cause. The R&R never

reached the merits of the claim because of the procedural default. Petitioner's third objection to the R&R's recommendation on Ground 2B is overruled.

Petitioner's next objection pertains to the R&R's recommendation that Ground 1A be dismissed. Petitioner claims in Ground 1A that his trial counsel was ineffective for failing to investigate and present evidence to support Petitioner's claim or raise a claim of police brutality. His objection pertains to his claim that the R&R incorrectly applied the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984). However, because the R&R found that the ground was inexcusably procedurally defaulted, its ruling did not rely on application of the *Strickland* standard. Petitioner's objection that the R&R improperly applied *Strickland* to this claim is overruled.

Petitioner next objects to the R&R's determination that he did not meet his burden on his claim of actual innocence. Petitioner claims that he did not possess the vehicle's ignition key and therefore he could not have had actual control of the vehicle. Although it is not clear from his objection, Petitioner appears to also be alleging actual innocence in his objection to the R&R's findings on Grounds 1A, 1B, 1F, 1H, 1I and 1J as a means to excuse his procedural default.

Petitioner's petition did not meet the burden for establishing actual innocence, and nothing contained in his objection changes that. He has not supported "his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical evidence." *Schlup v. Delo*, 513 U.S. 298, 321 (1995).

The elements of the charge for which he was convicted are contained in A.R.S. § 28-1381(A)(2), which provides in pertinent part:

> It is unlawful for a person to drive or be in actual physical control of a vehicle in this state under any of the following circumstances:
>
> . . .
>
> 2. If the person has an alcohol concentration of 0.08 or more within two hours of driving . . . and the alcohol concentration results from alcohol consumed either before or while driving[.]

Petitioner's actual innocence claim rests on the apparent misperception that his possession or lack of possession of the keys to the vehicle when he was arrested could be outcome determinative. His argument assumes that his lack of possession of the keys somehow overcomes the testimony of the police officers who saw him driving the subject vehicle before his arrest. His lack of possession of the keys does not even contradict the officers' testimony. He was convicted for driving the vehicle when he had a blood alcohol concentration of 0.08 or more within two hours of driving. That he did not have possession of the keys when he was arrested does not establish actual innocence. There was credible eyewitness testimony from the two police officers who saw him driving the vehicle well within two hours of the BAC test that resulted in a reading of 0.14, more than 0.08. Under the charging statute, he could have lacked possession of the keys when arrested and nonetheless been guilty.

Petitioner has failed to show his actual innocence or that his PCR counsel's failure to raise a claim of ineffective assistance of trial counsel amounted to ineffective assistance of PCR counsel that excuses his procedural default. *See Martinez v. Ryan*, 566 U.S. 1 (2012). Petitioner's objections to the R&R's recommendations as to Grounds 1A, 1B, 1F, 1H, 1I and 1J are overruled.

## II.    Fact-Finding Procedure

Petitioner has moved for a fact-finding procedure, which the Court considers to be a request to conduct discovery. His request for discovery relates to the procedurally defaulted Ground 2B and to Ground 1D, which was found to be meritless by the state courts. Additionally, he seeks an evidentiary hearing to address his claim that he is actually innocent because he did not have the car keys in his possession when arrested.

The discovery pertaining to Ground 2B which Petitioner seeks to explore is the "unrelated matter." Questions as to the statute of limitations of some unknown and unrelated criminal matter have no relevance to any viable issue raised in the petition. As the Court has ruled, the R&R correctly determined that Petitioner's imagined fear of being

charged in an unrelated matter does not establish cause for his procedural default and there are no facts that could be learned in discovery that will change that.

The discovery sought pertaining to Ground 1D is irrelevant. Because Ground 1D was ruled upon in the state court on its merits, this Court must limit its review to the state-court record. *See Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011).

Regarding the requested evidentiary hearing, the Court has found that the R&R correctly determined that the question of whether Petitioner had his car keys in his possession and whether the car would start without the keys was irrelevant to the charge for which he was convicted. There is no cause to allow discovery or hold an evidentiary hearing on any issue Petitioner has indicated he seeks to explore in discovery or in an evidentiary hearing.

**IT IS ORDERED as follows:**

1. Petitioner's Motion for an Extension of Time to File Petitioner's Reply to State's Response (Doc. 27) is **DENIED**.
2. Petitioner's Motion for Leave to Conduct Fact Finding Procedure", "Request for Authorization of Fact-Finding Procedures", and Motion Requesting an Evidentiary Hearing (Docs. 20, 21 & 24) are **DENIED**.
3. The R&R (Doc.16) is **ACCEPTED**.
4. Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED** with prejudice.
5. A Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.
6. The Clerk of the Court shall enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) with prejudice and shall terminate this action.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Propound Evidence (Doc. 31) is DENIED AS MOOT.

Dated this 26th day of May, 2022.

Douglas L. Rayes
United States District Judge